IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DEWARD JOHNSON and ARTHUR BRIGHT,<br><br>  Plaintiffs,<br><br>vs.<br><br>C.S. JOHNSON (STAR #16589), C.M. BADY (STAR #11453), TERRY HILLARD, LORI LIGHTFOOT, PHILLIP CLINE, TISA MORRIS, MAYOR RICHARD DALEY, and the CITY OF CHICAGO,<br><br>  Defendants. | )<br>)<br>)<br>)<br>)<br>) Case No.: 07 C 7036<br>)<br>) Judge Ronald Guzman<br>)<br>) Magistrate Judge Geraldine Soat Brown<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**CERTAIN DEFENDANTS' MOTION TO DISMISS**

  Defendants, Terry Hillard, Lori Lightfoot, Tisa Morris, and Philip Cline, by their attorney, Terrence M. Burns of Dykema Gossett PLLC, pursuant to FRCP 12(b)(6), move this Court for an order dismissing them from the above-captioned matter. In support thereof, the moving defendants state:

  1. Plaintiffs have filed this action against several defendants, including Mayor Daley, the City of Chicago ("City"), Officers Charlie Johnson and Charron Bady, and several former municipal officials and administrators. Former Chicago Police Department ("CPD") officials named as defendants include past Superintendents Terry Hillard and Philip Cline. Also named are Lori Lightfoot and Tisa Morris, former Chief Administrators of the CPD's Office of Professional Standards ("OPS"). The complaint arises from an alleged incident between plaintiffs and Officers Johnson and Bady that apparently took place on June 21, 2007, and asserts §1983 claims and pendant state law claims. (*See* Complaint, Dkt. #1). Plaintiffs seek to impose liability upon the City pursuant to a *Monell* claim. (*Id.*) The complaint does not allege Terry Hillard, Lori Lightfoot, Tisa Morris, or Philip Cline were personally involved in the underlying incident. Rather, the §1983 claims against Terry Hillard, Lori Lightfoot, Tisa Morris, and Philip Cline are asserted against them only in their capacities as municipal officials. (*See* count VII of

Complaint, Dkt. #1). These municipal defendants, sued in their official capacities only, should be dismissed as parties to this action.

2. The Seventh Circuit, following *Kentucky v. Graham*, 473 U.S. 159, 165-66, 105 S.Ct. 3099 (1985) (hereinafter, "*Graham*"), has determined that suits against city employees and officials in their official capacities are redundant and unnecessary when the municipal entity is also a named defendant, and are properly dismissed. *See*, *e.g.*, *Schmidling v. City of Chicago*, 1 F.3d 494, 495 fn. 1 (7th Cir. 1993). A suit against a municipal official in his or her official capacity is nothing more than a suit against the municipality itself. *See Graham*, 473 U.S. at 165-66. For example, a complaint naming a mayor as a defendant in his official capacity is simply the equivalent of suing the city. *Jungels v. Pierce*, 825 F.2d 1127, 1129 (7th Cir. 1987), citing *Brandon v. Holt*, 469 U.S. 464, 471-73, 105 S.Ct. 873 (1985), and *Graham*, *supra*. An official capacity suit is not an action against the named official personally because the real party in interest is the municipality. *Graham*, 473 U.S. at 166.

3. In *Graham*, the Supreme Court determined that official capacity suits represented only another way of pleading an action against a municipality. 473 U.S. at 165. The Court held that, "As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Id.* at 166. "It is *not* a suit against the official personally, for the real party in interest is the entity." *Id.* (emphasis in original). The *Graham* court concluded, "There is no longer a need to bring official-capacity actions against local government officials, for under *Monell*, local government units can be sued directly for damages and injunctive or declaratory relief." *Id.* at 167, fn. 14.

4. Courts in the Seventh Circuit have relied on *Graham* and repeatedly have dismissed official capacity claims as redundant when a complaint is brought against both a municipality and its officers in their official capacities. For example, the Seventh Circuit followed *Graham* and determined it was proper to dismiss Mayor Daley where he was sued in his official capacity, finding that a suit against the mayor was the same as a lawsuit against the City of Chicago. *Schmidling*, 1 F.3d at 495, fn. 1. Other courts have reached similar conclusions. See *Jungels*, 825 F.2d at 1129 ("Actually there is one defendant – the city – not two; for the complaint names the mayor as a defendant in his official capacity only, which is the equivalent of suing the city"); *Bruce v. South Stickney Sanitary District*, 2001 WL 968726, at *2

(N.D. Ill. 2001) (suit against sanitary district supervisor in his official capacity dismissed with prejudice as redundant to suit against district itself); *Levett v. Board of Education of the City of Chicago*, 2000 WL 960726, at *1 (N.D. Ill. 2000) (§1983 suit against individual defendants in their official capacities is "purely redundant" of action against the Board of Education and therefore must be dismissed); *Singleton v. Chicago School Reform Board*, 2000 WL 777925, at *17 (N.D. Ill. 2000) (where plaintiff already sued Board of Education under §1983, the suit against individual board members and the school superintendent in their official capacities was "purely redundant" and properly dismissed); *Nagle v. Chicago School Reform Board*, 1999 WL 160234, at *12 (N.D. Ill. 1999) ("The court grants defendants' motion to dismiss the counts against the individual defendants in their official capacities on the redundancy argument"); *Contreras v. City of Chicago*, 920 F.Supp. 1370, 1376-77 fn. 1 (N.D. Ill. 1996) (official capacity claims against a city commissioner were dismissed pursuant to a finding that such claims were redundant because the plaintiffs also named the city itself as a defendant); *Williams v. City of Chicago*, 1994 WL 594674, at *4 (N.D. Ill. 1994) (the plaintiff's suit against a police superintendent in his official capacity was dismissed as redundant and unnecessary since the municipality also was being sued); *Amati v. City of Woodstock*, 829 F.Supp. 998, 1011 (N.D. Ill. 1993) (§1983 claim against a public official in his official capacity was redundant and unnecessary where the complaint also included a §1983 claim against the municipality, rendering appropriate the dismissal of the claim); and, *Kohn v. Mucia*, 776 F.Supp. 348, 356 (N.D. Ill. 1991) (official capacity suits against police department officials were dismissed as redundant and unnecessary because they were essentially suits against the city, which already was a named defendant).

5.      In this case, a review of the pleadings makes clear the real party in interest in count VII is the City, not any of the named municipal officials. The allegations in count VII invoke traditional *Monell* concepts and specifically complain of alleged municipal policies, practices, and customs. Indeed, count VII repeats many of the allegations already asserted in the section of the complaint entitled "*Monell* Allegations." (Compare, *e.g.*, ¶¶114(a)-(d) with ¶¶24(c), (d), (f), (l), (m), (n), and (o)).

6.      Plaintiffs' description of Hillard, Cline, Lightfoot, and Morris as "supervisory defendants" in the preamble of the complaint does not change their status as official capacity defendants. For starters, the pleading does not allege these municipal defendants are sued in

their individual capacities. And more substantively, the complaint fails to identify a discrete policy for which plaintiffs seek to hold these defendants, or any other municipal official, directly responsible.

7. An individual cannot be held liable in a §1983 action unless he caused or participated in an alleged constitutional deprivation. *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983). Plaintiffs must allege the supervisory official personally participated in or directly caused his alleged constitutional deprivation. *Williams v. City of Chicago*, No. 94 C 3350, 1994 WL 594674, * 4 (N.D. Ill. 1994). As observed by the Seventh Circuit, "Without a showing of direct responsibility for the improper action, liability will not lie against a supervisory official. A causal connection, or an affirmative link, between the misconduct complained of and the officials sued is necessary." *Wolf-Lillie,* 699 F.2d at 869. To establish a claim against a supervisory official, a plaintiff must show that the official "knowingly, willfully, or at least recklessly caused the alleged deprivation by his action or failure to act." *Rascon v. Hardiman*, 803 F.2d 269, 274 (7th Cir. 1986). The personal responsibility requirement of §1983 is satisfied only if the supervisory official acts or fails to act with a deliberate or reckless disregard of plaintiff's constitutional rights, or if the conduct causing the constitutional violation occurs at the official's direction or with the official's knowledge and consent. *Id*. The scatter-shot complaint in this case lacks allegations identifying or suggesting a direct causal connection between plaintiffs' alleged injuries and any conduct or policies for which the purported supervisory officials allegedly were directly responsible.[1] *See Chortek v. City of Milwaukee*, 356 F.3d 740, 748 fn. 4 (7th Cir. 2004) (Suit against police chief deemed to be in his official capacity where no evidence demonstrated he was personally involved in the plaintiff's arrest or the development of the police department initiative under which the plaintiff was arrested).

8. Plaintiffs cannot reasonably contend this action is asserted against defendants Hillard, Lightfoot, Morris and Cline in their individual capacities. There are no allegations these individuals were involved in the underlying incident with plaintiffs on June 21, 2007. Nor can plaintiffs make such claims in good faith. Three of these municipal defendants did not even hold supervisory positions at the time of the alleged constitutional deprivation and therefore cannot

---

[1] Supervisory liability should not be asserted merely as an end-around to justify the extensive and burdensome discovery posed by plaintiffs' boilerplate *Monell* allegations. (*See* City's Motion for Dismissal, Dkt. #30, at pp. 7-9).

have been supervisors "personally responsible" for the alleged violation. By plaintiffs' own admission, Lori Lightfoot left her position as Chief Administrator of OPS in July 2004, almost 3 years before the incident in question. (*See* Complaint, par. 7, Dkt. #1). Similarly, plaintiffs acknowledge Tisa Morris left her position as Chief Administrator of OPS in October 2006, at least eight months before the alleged incident.[2] (*See* Complaint, par. 8, Dkt. #1). A good faith basis for naming these individuals as supervisory defendants does not appear to exist, confirming plaintiffs must have intended to name them in their official, as opposed to individual, capacities. The only municipal defendant arguably in a supervisory position in June 2007 was former Superintendent Cline, but as set forth herein, plaintiffs have not stated a claim for supervisory authority against him or anyone else. (*Chortek*). The required allegations establishing the direct responsibility of the supervisory officials for the complained-of misconduct are missing, defeating any suggestion that supervisory liability should apply.

9.  The allegations against Terry Hillard, Lori Lightfoot, Tisa Morris, and Philip Cline are asserted against them in their official capacities only. As such, the claims in count VII are redundant and unnecessary in light of plaintiffs' attempted *Monell* claim against the City. Count VII should be dismissed in its entirety,[3] and Terry Hillard, Lori Lightfoot, Tisa Morris, and Philip Cline should be dismissed from this action.

WHEREFORE, defendants, Terry Hillard, Lori Lightfoot, Tisa Morris, and Philip Cline, respectfully move this Court for an order dismissing count VII in its entirety, and further dismissing them from this action.

Dated: February 25, 2008　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　　By: s/ Paul A. Michalik
　　　　　　　　　　　　　　　　　　　　　　　One of the Attorneys for Defendants,
　　　　　　　　　　　　　　　　　　　　　　　TERRY HILLARD, LORI LIGHTFOOT,
　　　　　　　　　　　　　　　　　　　　　　　TISA MORRIS, and PHILIP CLINE

---

[2] Although not alleged in the complaint, Terry Hillard left his position as Superintendent of Police in 2003.

[3] The only other defendant in Count VII, Mayor Daley, has similarly moved for dismissal on the basis that the claim is asserted against him in his official capacity only, making it redundant and unnecessary.

- 6 -

Terrence M. Burns
Paul A. Michalik
Daniel M. Noland
Kimberly D. Fahrbach
Dykema Gossett PLLC
10 South Wacker Drive, Suite 2300
Chicago, IL 60606
(312) 876-1700 (telephone)
(312) 876-1155 (facsimile)

- 7 -

## CERTIFICATE OF SERVICE

I hereby certify that on February 25, 2008, I electronically filed the foregoing **Certain Defendants' Motion to Dismiss** with the Clerk of the Court using the ECF system, which sent electronic notification of the filing on the same day to:

Blake Wolfe Horwitz
Amanda Sunshine Yarusso
Erica E. Faaborg
Law Offices of Blake Horwitz
155 North Michigan Avenue
Suite 723
Chicago, Illinois  60601
312.6l6.4433
lobh@att.net

                                                                                                                   s/ Paul A. Michalik
                                                                                                                    Paul A. Michalik

CHICAGO\2425501.1
ID\PAM