IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DEWARD JOHNSON, et al., | ) |
| Plaintiffs, | ) |
| v. | ) Case No. 07 C 7036 |
| C.S. JOHNSON, et al., | ) Judge Ronald A. Guzman |
| Defendants. | ) |

**DEFENDANT CITY OF CHICAGO'S MOTION TO BIFURCATE
§ 1983 CLAIMS AND TO STAY DISCOVERY AND TRIAL ON THOSE CLAIMS**

Pursuant to Fed.R.Civ.P. 42(b), defendant City of Chicago moves this court to (1) bifurcate plaintiffs' § 1983 claims against it, and (2) stay discovery and trial on those claims. In support, the City states:

1. Plaintiffs Deward Johnson and Arthur Bright ("Plaintiffs") have filed a Complaint against defendants City of Chicago, Mayor Daley, former Superintendents Terry Hillard and Phil Cline, former chief administrators of OPS Tisa Morris and Lori Lightfoot, and individual police officers Johnson and Bady, alleging constitutional violations pursuant to 42 U.S.C. § 1983. (*See* Dkt. 1.) Plaintiffs allege the defendant officers violated their rights of due process and equal protection under the Fourteenth Amendment, and falsely arrested plaintiffs in violation of the Fourth Amendment. Against the City, plaintiffs bring various claims under *Monell v. Department of Social Services of the City of New York*,[1] alleging certain municipal customs, policies, and practices caused these alleged constitutional violations. Plaintiffs also assert state law claims against all defendants.

---

[1] 436 U.S. 658 (1978).

2.     While the allegations in the complaint as to what allegedly transpired are vague, plaintiffs allege the incident arises from an allegedly false arrest of plaintiffs by the defendant officers on June 21, 2007.

3.     Pursuant to Rule 42(b), the City moves this court (1) to bifurcate the *Monell* claims against the City from the constitutional claims and state claims against the individual officers, and (2) to stay discovery and postpone trial on the *Monell* claims until the resolution of all claims against the officers.[2]  District courts have broad discretion in ordering the bifurcation of a plaintiff's claims, as part of their inherent power to control their docket.[3]

4.     Rule 42(b) allows district courts to separate the trial of any issue, if separation is warranted "in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy." "Only one of these criteria need be satisfied for a court to order a separate trial."[4]

5.     Here, bifurcation of the *Monell* claims best serves the interests identified in Rule 42(b) of avoidance of prejudice, convenience, expedition, and economy.  Such action by the court allows the City to avoid potentially unnecessary discovery and litigation costs should plaintiffs fail to establish a constitutional violation and thus as a matter of law be unable to prove any *Monell* violation.[5]  These costs primarily take the form of producing thousands of documents, producing Rule 30(b)(6) witnesses for deposition, and retaining and defending against expert witnesses.  The undue burden of being subjected to such discovery is all the more

---

[2] Defendants Mayor Daley, Phil Cline, Terry Hillard, Tisa Morris, and Lori Lightfoot have filed a motion to dismiss the allegations of the complaint against them, which are asserted against them only in their capacities as municipal officials. (Dkt. 32, 34)

[3] *See Krocka v. City of Chicago*, 203 F.3d 507, 516 (7th Cir. 2000).

[4] *Berry v. Deloney*, 28 F.3d 604, 610 (7th Cir. 1994).

[5] *See City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986).

transparent when one recognizes that litigation of plaintiffs' *Monell* claims ultimately may be unnecessary and the litigation may be expedited.

6.      In addition, plaintiffs' allegations involve a single incident, so bifurcation of the *Monell* claims from the claims against the individual officers will protect the individual officers from the possible prejudice of introducing at trial broader and extraneous evidence regarding the multiple municipal customs, policies, and practices that plaintiffs allege are deficient.[6] Bifurcating the *Monell* claims at this stage of the litigation, and concomitantly staying discovery relating to these claims, thereby (1) protects the interest of the City in eliminating potentially unnecessary litigation expenses, (2) avoids prejudice to the individual defendants, and (3) protects plaintiffs' interests in expediting trial of his constitutional claims against the defendant officers without foreclosing unnecessarily the opportunity to establish the City's liability on the *Monell* claims.[7]

7.      Further, granting this motion promotes judicial economy, and thus protects this Court's interests. Bifurcation of the *Monell* claims eliminates the need for (1) extensive judicial intervention in discovery disputes, (2) ruling on the City's motion to dismiss count IX (see Dkt. 30) and (should any *Monell* claim survive) an inevitable summary judgment motion on these claims, and (3) if the City's dispositive motions are denied, presiding over a lengthy and legally

---

[6] As more fully discussed in the City's Motion to Dismiss Count IX of plaintiffs' complaint, plaintiffs' *Monell* claim consists of generalized allegations of unrelated misconduct against various members and units of the Chicago Police Department dating back 25 years. (Dkt. 1 at ¶¶ 24-90 and Count IX.) In essence, plaintiffs claim they were subjected to an illegal arrest on June 21, 2007, due to a practice of general "lawlessness" at the Chicago Police Department. Rather than connect an alleged illegal policy to this case, plaintiffs' policy and practice claim is based upon a myriad of unrelated incidents such as Special Operations Section ("SOS") misconduct, miscellaneous allegations against convicted and/or indicted former Chicago police officers (Officers Flagg, Black, Jones, and Haynes), alleged 1980's Area 2 torture, the alleged non-independence of OPS, and BrainMaker.

[7] In fact, to the extent that granting the relief that the City seeks potentially could deprive plaintiffs of a remedy against the City that they could not obtain against the individual defendants (*e.g.*, if the individual defendants were successfully to assert a qualified immunity defense), the City agrees to entry of judgment against the City for compensatory damages if the finder of fact finds that *any* City employee violated plaintiffs' constitutional rights as alleged in plaintiffs' Complaint. *See* Stipulation to Entry of Judgment Against Defendant City of Chicago (attached hereto as Ex. A).

3

and factually complex trial during which all of plaintiffs' claims will be presented simultaneously to a jury. The Seventh Circuit in *Treece v. Hochstetler* explicitly endorsed bifurcation as a means to avoid "the waste of the valuable time and resources of the court," as well as of serving the interests furthered by Rule 42(b).[8]

8.      Finally, bifurcation and a stay of discovery and trial as to plaintiffs' *Monell* claims do not affect plaintiffs' recovery of any compensatory damages that a jury may award them. Insofar as the defendant officers were acting within the scope of their employment during their encounter with plaintiffs, the City has both a statutory and a contractual obligation to indemnify the defendant officers for any judgment against them,[9] while as a matter of law, plaintiffs are not entitled to recover any additional compensatory damages if they prevail against the City on their *Monell* claims after a finding of liability against the individual defendants.[10] However, although litigation of plaintiffs' *Monell* claims provides no monetary windfall to plaintiffs, such litigation does generate often substantial attorney fees under § 1983 that accrue solely to plaintiffs' counsel and not to plaintiffs themselves. Hence, promoting litigation economy by the elimination of such fees is another reason for this court to grant the City's motion.[11]

---

[8] 213 F.3d 360, 365 (7th Cir. 2000).

[9] *See, e.g.,* 735 ILCS 10/9-102.

[10] *See Spanish Action Committee of Chicago v. City of Chicago*, 766 F.2d 315, 321 (7th Cir. 1985).

[11] In *Moore v. City of Chicago*, Judge Moran, in his opinion granting the City of Chicago summary judgment on plaintiff's *Monell* claims, ratified many of the City's arguments in support of bifurcation presented in text:

> . . . we are often unsure of the impetus behind alleging *Monell* claims in cases such as this one. . . . claims of municipal liability require an extensive amount of work on the part of plaintiff's attorneys and experts, and an extraordinary amount of money must be spent in order to prepare and prove them. But to what end? If the plaintiff prevails against the officer on a § 1983 claim, he or she is not likely to want or need to proceed any further, at least in this district and state. An Illinois statute directs local governments to pay tort judgments for compensatory

4

9.  Accordingly, the City asks this court to (1) bifurcate plaintiffs' § 1983 claims against defendant City of Chicago, pursuant to Rule 42(b); and (2) stay both discovery and trial on those claims.[12]

Respectfully submitted,

| | |
|---|---|
| Terrence M. Burns<br>Paul A. Michalik<br>Daniel M. Noland<br>Kimberly D. Fahrbach<br>Dykema Gossett PLLC<br>10 South Wacker Drive<br>Suite 2300<br>Chicago, Illinois 60606<br>(312) 876-1700 | s/Daniel M. Noland (ARDC No. 6231175)<br>One of the Attorneys for Defendants,<br>C.S. Johnson (Star # 16589), C.M. Bady (Star # 11453), Terry Hillard, Lori Lightfoot, Philip Cline, Tisa Morris, Mayor Richard Daley, and the City of Chicago |

---

damages for which its employees are liable; the Seventh Circuit has held that this statute permits the § 1983 plaintiff to bring a claim directly against the municipality and obtain a judgment requiring the municipality to pay the amount due to the plaintiff from the officer. Nor do we believe the municipality is more likely to be sued in its own capacity give that *Monell* claims rarely make it to trial. Furthermore, even if the city is found liable, punitive damages are not an available remedy.

2007 WL 3037121 at *9 (N.D.Ill. October 15, 2007) (attached as Ex. B).

[12] In support of its motion, the City of Chicago directs this court to the following opinions in the Northern District of Illinois granting or otherwise affirming the City's Motion to Bifurcate § 1983 Claims and Stay Discovery and Trial on Those Claims (attached collectively as Ex. C): *Elrod v. City of Chicago*, 06 C 2505 (Soat Brown, J.); *Simmons v. City of Chicago*, 04 C 3742 (Mason, J.); *Butko v. City of Chicago*, 07 C 4207 (Guzman, J.); *Abner v. City of Chicago*, 07 C 5773 (same); *Mosby v. O'Connor*, 07 C 3248 (same); *Parker v. Barner*, 05 C 6378 (Zagel, J.); *Booker v. City of Chicago*, 04 C 6371 ("Report and Recommendation") (Keys, J.); *Booker v. City of Chicago* (adoption of Judge Keys's recommendation to bifurcate trial and discovery relating to plaintiff's *Monell* claims) (Filip, J.); *Hernandez v. City of Chicago*, 06 C 6998 (Conlon, J.); *Hill v. City of Chicago*, 06 C 6772 (St. Eve, J.); *Bailey v. City of Chicago*, 07 C 204 (Conlon, J.); *Ferrell v. Soto*, 06 C 5382 (St. Eve, J.); *Paine v. City of Chicago*, 06 C 3173 (Valdez, J.); *Coffie v. City of Chicago*, 05 C 6745 (Holderman, C.J.); and *Patterson v. Burge*, 03 C 4433 (Gottschall, J.).

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 27, 2008, I electronically filed the foregoing **Motion to Bifurcate § 1983 Claims and to Stay Discovery and Trial on Those Claims** with the Clerk of the Court using the ECF system, which sent electronic notification of the filing on the same day to:

Blake Horwitz
Law Office of Blake Horwitz
155 North Michigan Avenue
Suite 723
Chicago, Illinois  60601
(312) 6l6-4433

                                                            s/Daniel M. Noland (ARDC No. 6231175)
                                                            Daniel M. Noland

CHICAGO\2426149.1
ID\DMN