IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DEWARD JOHNSON and ARTHUR BRIGHT<br><br>　　Plaintiffs,<br><br>　　vs.<br><br>C S JOHNSON #16589, C M BADY #11453, and CITY OF CHICAGO,<br><br>　　Defendants. | No. 07 C 7036<br><br>JUDGE GUZMAN<br><br>MAGISTRATE JUDGE SOAT BROWN |

## PLAINTIFFS' MOTION TO LIFT DISCOVERY STAY

NOW COME Plaintiffs, by and through Horwitz, Richardson, and Baker LLC, and in support of their motion state as follows:

The instant action is a police misconduct case arising from a June 21, 2007 incident in which Plaintiffs allege, *inter alia*, false arrest, malicious prosecution, and a *Monell* claim. This Court has stayed all discovery in this action pending its ruling on Defendants' Motion to Dismiss and Motion to Bifurcate. Plaintiffs now move this Court to lift the stay and allow discovery to proceed.

This Court stayed discovery in this case primarily due to the question of individual liability of Defendants Terry Hillard, Lori Lightfoot, Philip Cline, Tisa Morris, and Mayor Richard Daley (the "Supervisory Defendants") and their pending Motions to Dismiss. This Court reasoned that discovery should be stayed for the sake of judicial economy and to avoid prejudice to these defendants should their Motions to Dismiss, based, *inter alia*, on their lack of personal interaction with or specific knowledge of Plaintiffs, be granted. Plaintiff has now voluntarily dismissed these Supervisory Defendants with prejudice. (Docket 47). Thus, such

concerns are moot and discovery should proceed against the Defendant Officers Johnson and Bady and the City of Chicago.

Defendants Johnson, Bady, and the City of Chicago will not be prejudiced by lifting the stay and allowing discovery pending their Motion to Dismiss as their Motion to Dismiss does not attack the lack of legal liability of these Defendants.  Instead, their Motion to Dismiss addresses a perceived lack of specificity of the complaint as related to the individual officers and their perceived lack of causal connection in Plaintiffs' *Monell* Claim.  If this Court were to agree with the Defendants' Motion to Dismiss and find such defects (Plaintiffs continue to deny such defects exist), they could easily be remedied by an Amendment to the Complaint.

WHEREFORE, Plaintiffs pray that this Honorable Court grant Plaintiffs' Motion to Lift Discovery Stay to allow discovery to proceed and order any other relief this Court deems fair and just.

Respectfully Submitted,

s/Abbas Merchant
Horwitz, Richardson & Baker LLC.
20 S. Clark St., Suite 500
Chicago, IL  60603
(312) 676-2100