IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DISTRICT

DEWARD JOHNSON and )
ARTHUR BRIGHT, )
 )
    Plaintiffs, )
 )
 ) 07 C 7036
v. )
 ) Judge Ronald A. Guzmán
C.S. JOHNSON, C.M. BADY and )
the CITY OF CHICAGO, )
 )
    Defendants.[1] )

## MEMORANDUM OPINION AND ORDER

Deward Johnson and Arthur Bright have sued the City of Chicago and Chicago police officers C.S. Johnson and C.M. Bady ("the officers") for their alleged violations of plaintiffs' Fourth and Fourteenth Amendment rights and state tort law. The case is before the Court on defendants' Federal Rule of Civil Procedure ("Rule") 12(b)(6) to dismiss Counts I-VI and VIII-IX of the complaint.[2] For the reasons set forth below, the Court denies the motion.

### Facts

On June 21, 2007, the officers agreed to, and did, arrest plaintiffs without probable cause, generate false evidence to support the arrests, and file false criminal charges against plaintiffs.

---

[1] Plaintiffs' claims against Mayor Daley, former Chicago Police Superintendents Terry Hillard and Philip Cline, and Former Chief Administrators of the Chicago Police Department's Office of Professional Standards Lori Lightfoot and Tisa Morris were dismissed in May 2008. (*See* Minute Order of 5/5/08.)

[2] Count VII was asserted against the defendants who have been dismissed, and the City makes no substantive argument for dismissing the indemnification and respondeat superior claims asserted against it in Counts X and XI.

(Compl. ¶¶ 10-20.) The officers did so, with respect to plaintiff Johnson, because he is African American. (*Id.* ¶¶ 21-23.)

The City has a policy, custom or practice of allowing its police officers to: arrest people falsely; use excessive force during arrests; fabricate or falsify evidence and pursue baseless criminal charges against people whom they arrest; and fabricate or falsify evidence in connection with internal investigations. (*Id.* ¶ 24a-c, f.) The City also has a practice of failing to: investigate adequately such conduct and the complaints about it; take measures to prevent such conduct from occurring; take appropriate disciplinary action against officers who engage in such conduct; and train officers not to do so. (*Id.* ¶ 24d-e, g-o; *see id.* ¶¶ 27-90.)

Plaintiffs contend that the City and the officers have violated their rights under the Fourth and Fourteenth Amendment rights and state law and seek compensation for their injuries.

### Discussion

On a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded factual allegations of the complaint, drawing all reasonable inferences in plaintiff's favor. *Forseth v. Vill. of Sussex*, 199 F.3d 363, 368 (7th Cir. 2000). To defeat a Rule 12(b)(6) motion, a complaint must contain "'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (per curiam) (quoting Fed. R. Civ. Pro. 8(a)(2)). "Specific facts are not necessary; the statement need only give the defendant fair notice of what the claim is and the grounds upon which it rests." *Id.* (quotations omitted).

The officers contend that the claims asserted against them in Counts I-VI and VIII, section 1983 unreasonable seizure, violation of equal protection and conspiracy claims, and state false arrest,

malicious prosecution and conspiracy claims, must be dismissed because they are too vague to enable the officers to respond to them. Specifically, the officers say, plaintiffs must allege the place and time of their arrest and specific details about the officers' alleged acts and omissions to defeat a motion to dismiss. (Defs.' Mot. Dismiss at 3.)

The Court disagrees. Plaintiffs allege that on June 21, 2007 the officers: (1) arrested them without probable cause and used excessive force to do so (Counts I and II); (2) instituted an unfounded criminal proceeding against plaintiff Johnson (Count III); (3) refused to provide plaintiff Johnson with necessary medical attention during his post-arrest detention (Count IV); (4) agreed to violate plaintiffs' federal and state rights and took action in furtherance of those agreements (Counts V and VI); and (5) took those actions against plaintiff Johnson because of his race (Count VIII). (*See* Compl. ¶¶ 10-23, 91-110, 116-18.) That is all the information the officers – who have access to their work schedules, and any reports that they or any other officers generated on that date – need to respond to those claims. Therefore, the Court denies defendants' motion to dismiss Counts I-VI and VIII.

That leaves the Count IX section 1983 claim against the City. To state a viable claim, plaintiffs must allege that one of the City's customs, policies or practices caused the injuries about which they complain. *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 694 (1978). Plaintiffs allege that the City has a practice of failing to: (1) teach officers that they cannot arrest people without probable cause, use excessive force during an arrest, falsify or fabricate evidence, or engage in other unlawful behavior; (2) take any other steps to prevent such misconduct from occurring; (3) investigate adequately allegations of such misconduct; and (4) take appropriate disciplinary action against officers who engage in such acts. (Compl. ¶ 24a-e, g-o; *see id.* ¶¶ 25-90.)

3

Morever, they allege, this practice causes police officers, in general, to believe they can violate the law with impunity, and caused the specific officers in this case to violate plaintiffs' rights. (*Id.* ¶¶ 24f, 119-122.)

The City says these allegations are insufficient to state a *Monell* claim. In its view, "'[c]laims that past generalized bad police behavior led to future generalized bad police behavior'" do not satisfy the "'rigorous standards [of] culpability and causation' required for municipal liability under section 1983." (Defs.' Joint Reply Supp. Mot. Dismiss at 4 (quoting *Carter v. Morris*, 164 F.3d 215, 218 (4th Cir. 1999) (quotation omitted)).)

The City's reliance on *Carter* is misplaced. The plaintiff in that case sued a municipality under section 1983 for violating her Fourth Amendment rights by falsely arresting her and illegally searching her home. 164 F.3d at 217. The trial court granted summary judgment to the defendants, and the plaintiff appealed. *Id.*

The Fourth Circuit affirmed the lower court's decision, saying:

> [A] plaintiff cannot rely upon scattershot accusations of unrelated constitutional violations to prove either that a municipality was indifferent to the risk of her specific injury or that it was the moving force behind her deprivation. Instead, a plaintiff must demonstrate that a municipal decision reflects deliberate indifference to the risk that a violation of a *particular* constitutional or statutory right will follow the decision. . . .
>
> . . . .
>
> . . . Carter's proffered evidence, mainly allegations of prior instances of excessive force and the discouragement of citizen complaints, ranges far a field of her own alleged constitutional injuries. . . .
>
> . . . Although [the evidence] may tend to show that there is some specific deficiency in a city policy, or at least a known but uncorrected custom or usage on the part of city police officers, there is no affirmative link between the deficiency this evidence suggests and the particular violations of which Carter complains. Past incidents of excessive force do not make unlawful arrests or unreasonable searches or seizures

> almost bound to happen, sooner or later, rather than merely likely to happen in the long run.

*Id.* at 218-19 (quotations omitted). Because Carter had no evidence that the city's alleged policy had caused her injuries, the appellate court upheld the judgment entered for the city. *Id.* at 220.

*Carter*, which was an appeal from an order granting summary judgment, has no application to this case. Because of its procedural posture, the *Carter* court discussed only the requirements for *proving* a *Monell* claim, not those for pleading one. Thus, *Carter* provides no support for the City's contention that plaintiffs can state a viable *Monell* claim only if they plead facts that suggest their injuries were caused by the policy they allege.

The City also relies in *Chaparro v. Powell*, No. 07 C 5277, 2008 WL 68683 (N.D. Ill. Jan. 2, 2008), but the Court finds its reasoning unpersuasive. The plaintiff in *Chaparro* alleged that he had been arrested and beaten by the defendant officers simply because he took a photograph of his car as it sat in the City's impound lot. *Id.* at *1. He argued that his injuries were caused by the City's alleged practices of barring people from taking photographs at impound lots and arresting those who did so, as well as the practices alleged in this suit. (*See Chaparro v. Powell*, No. 07 C 5277 (N.D. Ill.), Compl. ¶ 21.) The court dismissed Chaparro's *Monell* claim, in part, because:

> [His] allegations [do not] plausibly suggest a direct causal link between a municipal policy and his injury. He asserts a general lawlessness among CPD officers caused the violations surrounding his arrest. But he provides no facts to show that link; and the policy he alleges is so nebulous that any connection to a particular constitutional violation is highly attenuated.

*Chapparo*, 2008 WL 68683, at *3.

This Court respectfully disagrees with the *Chaparro* court's conclusion. The Supreme Court has recently emphasized that notice pleading, not fact pleading, is the standard in federal court.

5

*Erickson*, 127 S. Ct. at 2200. Thus, plaintiffs need not allege specific facts demonstrating a causal link between the alleged policies and their alleged injuries. At this stage, their allegations and the inferences they support, *i.e.*, that the City allowed its officers to arrest and charge innocent people with impunity, the defendant officers knew they could do so, and their knowledge caused them to inflict the injuries of which plaintiffs complain, are sufficient to withstand a motion to dismiss.

## Conclusion

For the reasons set forth above, the Court denies defendants' motion to dismiss [doc. no. 30].

**SO ORDERED.**                                           ENTER: 6/26/08


HON. RONALD A. GUZMAN
**United States District Judge**